NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re EVANGELOS STAMOU,<br><br>Debtor,<br>_____<br>CATHERINE E. YOUNGMAN, TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>JEANNETTE HOFFMAN, et al.,<br><br>Defendants. | Chapter 7 Case No.: 07-28685 (DHS)<br><br>Civil Action No.: 09-4330 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

This matter comes before the Court on Defendant Jeannette Hoffman's motion to withdraw the reference pursuant to 28 U.S.C. § 157(d).  This motion is unopposed.  The Court has considered Ms. Hoffman's submission and the bankruptcy record.  For the reasons set forth below, Ms. Hoffman's motion is denied without prejudice.

I.      **BACKGROUND**

Evangelos Stamou, the Debtor, filed a bankruptcy petition on December 20, 2007.  Ms. Hoffman provided legal services to the Debtor and was also a joint investor with the Debtor in a closely held New Jersey corporation.  The Bankruptcy Trustee, Catherine Youngman, commenced an adversary proceeding against Ms. Hoffman and six other defendants on March 25, 2009.  In general, the adversary Complaint seeks to "avoid transfers and for related relief."

(Bankr. D.N.J. Case No. 07-28685, Adv. No. 09-1452, CM/ECF No. 1, Compl.)  The Complaint asserts that it "is a core proceeding within the definition of 28 U.S.C. § 157."  (Id. at ¶ 3.)  The Complaint brings numerous claims against the defendants and seeks to avoid transfers and seeks other monetary relief, holding the defendants jointly and severally liable.  Specifically with respect to Ms. Hoffman, the Complaint "alleges that [she] engaged in fraudulent transfers, common law fraud, civil conspiracy, aiding and abetting civil conspiracy and fraud, and legal malpractice" related to Ms. Hoffman's pre-petition legal representation of the Debtor.  (Mem. of Law in Supp. of Def. Jeannette Hoffman's Mot. to Withdraw the Reference [hereinafter "Moving Br."], at 2.)

Several of the other defendants in the adversary proceeding moved to dismiss some of the counts of the Complaint.  The Bankruptcy Court heard these motions on July 28, 2009, granting the motions of two defendants and denying the motions of two others.  In Ms. Hoffman's Answer to the adversary Complaint, she asserts that the Bankruptcy Court lacks jurisdiction over certain non-core issues in this matter, and she included a demand for a jury trial.  Her Answer also asserts cross-claims against her co-defendants for indemnification and contribution.  Ms. Hoffman presently seeks to withdraw the reference, arguing that withdrawal is necessary to preserve her right to a jury trial.

## II.    DISCUSSION

"[A] district court may withdraw, in whole or in part, any case or proceeding referred under [ § 157], on its own motion or on timely motion of any party, for cause shown."  28 U.S.C. § 157(d).  In determining whether good cause has been shown, a "district court should consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and

confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process." In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990). "A bankruptcy court cannot conduct a jury trial in a non-core proceeding." In re Chet Decker, Inc., No. 06-3658, 2006 U.S. Dist. LEXIS 77091, at *7 (D.N.J. Oct. 23, 2006). Additionally, a bankruptcy court can only conduct a jury trial in a core proceeding "with the express consent of all parties." 28 U.S.C. § 157(e). But, "even when a district court must ultimately preside over a trial by jury, there is no reason why the Bankruptcy Court may not preside over [an] adversary proceeding and adjudicate discovery disputes and motions only until such time as the case is ready for trial." " In re Chet Decker, Inc., 2006 U.S. Dist. LEXIS 77091, at *8 (quoting Gen. Elec. Capital Corp. v. Teo, No. 01-1686, 2001 U.S. Dist. LEXIS 22266, at *14 (D.N.J. Dec. 14, 2001)) (internal quotations omitted); see also In re Orion Pictures Corp., 4 F.3d 1095, 1101-02 (2d Cir. 1993); In re Keene, 182 B.R. 379, 385 (S.D.N.Y. 1995) ("Since this adversary proceeding is in its initial stages, the bankruptcy judge is fully equipped with the tools to proceed with this matter without interference by the district court[;] . . . the motion . . . will only become ripe if and when the matter proceeds to trial.").

     Ms. Hoffman admits that some of the claims against her are core issues. But, she asserts that she will not consent to a jury trial in the Bankruptcy Court. Therefore, she argues, regardless of whether the issues are core or non-core, they must ultimately be tried in the District Court. Additionally, she argues that the Bankruptcy Court may not issue any final orders or judgments with regard to the non-core issues. For these reasons she asserts that judicial economy favors withdrawing the reference at this time. However, Ms. Hoffman also "acknowledges that some courts . . . have held that "[a] district court may consider a demand for a jury trial insufficient

cause for discretionary withdrawal [pursuant to § 157(d)] if the motion is made at an early stage of the proceedings and dispositive motions may resolve the matter." (Moving Br., at 9 n.3 (quoting In re IT Group, Inc., No. 06-661, 2007 U.S. Dist. LEXIS 5719, at *5 (D. Del. Jan. 26, 2007).)  Thus, she requests that, if this Court find her present motion premature, it be dismissed without prejudice to refile at the conclusion of pre-trial proceedings.  This Court finds this course the most appropriate under the circumstances of this case.

Here, the adversary proceeding is at its initial stages.  There are numerous defendants.  The Bankruptcy Court has already heard several motions to dismiss and made rulings on those motions.  It is reasonable to assume that there may be additional dispositive motions which may eliminate or narrow the issues.  Additionally, on September 24, 2009, the Bankruptcy Court entered a joint scheduling order setting forth a discovery and additional briefing schedule.  Finally, at least some of the issues in the adversary proceeding, Ms. Hoffman concedes, are core issues regarding the avoidance of allegedly fraudulent transfers.  Regardless of whether Ms. Hoffman consents to them ultimately being tried in the Bankruptcy Court, intermediate rulings on these issues are best made by the Bankruptcy Court.  Therefore, this Court finds that the better course, for uniformity and efficiency in bankruptcy administration and to expedite the bankruptcy process, is to not interfere with the Bankruptcy Court's ongoing management of the case, leaving it with the Bankruptcy Court until all pre-trial matters are resolved– i.e. "until such time as a jury trial becomes necessary."  Gen. Elec. Capital, 2001 U.S. Dist. LEXIS 22266, at *17.

IV.   **CONCLUSION**

For the foregoing reasons, this Court denies Ms. Hoffman's motion to withdraw the reference.  The motion is dismissed without prejudice to Ms. Hoffman reinstating the motion

after the Bankruptcy Court has concluded all pre-trial proceedings.  An appropriate Order accompanies this Opinion.

    DATED: October 9, 2009                /s/ Jose L. Linares
                                                           JOSE L. LINARES
                                                           UNITED STATES DISTRICT JUDGE